**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

TRACI K. STEVENSON,

    Appellant,

v.                                            Case No: 8:16-cv-902-T-30

A&T UNDERWRITING, LLP, et al.,

    Appellees.

## ORDER

THIS CAUSE comes before the Court upon Appellant's Motion to Dismiss Cross-Appeal (Dkt. #4) and Appellees' Response in Opposition (Dkt. #8). Upon review and consideration, the motion is denied.

## DISCUSSION

This Cross-Appeal is related to two other appeals that have been filed in this Court: the first appeal (the "First Appeal") of *Stevenson v. Corporation of Lloyd's, et al.* (Stevenson I") and the second appeal (the "Second Appeal") of *Stevenson v. A&T Underwriting, LLP, et al.* (Stevenson II). In each appeal, Appellant is the chapter 7 trustee in the bankruptcy case, Case No. 8:11-bk-10035-CPM, filed by Nasser and Wendy Ayyoub (the "Debtors"). In the First Appeal, this Court ruled that the Trustee's breach-of-contract claim against Lloyd's of London was precluded under res judicata, or as a compulsory counterclaim that should have been raised in a prior declaratory judgment action, which this Court also heard. *See Certain Underwriters at Lloyd's, London v. Best for Less Food*

*Mart, Inc.*, No. 8:10-cv-688-T-30AEP. This Court's opinion affirming the bankruptcy court's dismissal of Stevenson I is currently on appeal before the Eleventh Circuit.

Following the bankruptcy court's dismissal of Stevenson I with prejudice, Appellant filed Stevenson II, an identical lawsuit against new defendants (who were alleged to have contractually assumed liability from the defendants in Stevenson I), asserting the same claims that the bankruptcy court rejected in Stevenson I. As such, the bankruptcy court similarly dismissed Appellant's complaint with prejudice, based on its prior ruling in Stevenson I; the bankruptcy court also adopted this Court's opinion from the First Appeal. The Second Appeal is Appellant's appeal of the bankruptcy court's dismissal of Stevenson II.

In the Cross-Appeal, Appellees appeal an interlocutory order that denied their motion for sanctions, but deferred ruling on Appellant's request for prevailing party attorney's fees (the "Sanctions Order"). Appellees' motion for sanctions was premised on what they contend was Appellant's frivolous filing of Stevenson II. The bankruptcy court declined to award sanctions, reasoning, in relevant part, that Stevenson II may not be frivolous if the Eleventh Circuit reverses Stevenson I.

Appellant now moves to dismiss the Cross-Appeal, arguing that the Sanctions Order did not completely and finally resolve all of the issues pertaining to Appellees' motion for sanctions. The Court disagrees.

This Court has jurisdiction to hear appeals "from final judgments, orders, and decrees" and, if it provides leave, "from other interlocutory orders and decrees." 28 U.S.C. §158(a)(1),(3). The Sanctions Order underlying the Cross-Appeal would have been an interlocutory order if the bankruptcy court had not dismissed Stevenson II with

prejudice, giving rise to the Second Appeal. A dismissal with prejudice is final for appellate purposes. *See OFS Fitel, LLC v. Epstein, Becker, and Green, P.C.*, 549 F.3d 1344, 1356-57 (11th Cir. 2008). And, as Appellees point out, it is well established that an earlier interlocutory order merges into the final judgment; an appellate court reviewing the final judgment may also consider the prior interlocutory order. *See id.*

It is therefore ORDERED AND ADJUDGED that Appellant's Motion to Dismiss Cross-Appeal (Dkt. #4) is denied.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of June, 2016.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Parties of Record

S:\Even\2016\16-cv-720 consolidation.docx

3